IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 05-50821
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CHAVEZ, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-376
USDC No. 6:03-CR-82-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Chavez, Jr., federal prisoner #35545-180, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction and sentence for possession with the intent to distribute cocaine. As part of his plea agreement, Chavez waived his right to direct appeal and collateral review of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, reserving the right to assert constitutional violations based on ineffective assistance of counsel or prosecutorial misconduct.

Chavez argues that his trial counsel rendered ineffective assistance by failing to file a notice of appeal as instructed. The failure to file a requested notice of appeal is per se ineffective assistance of counsel, even without a showing that the appeal would have merit. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 483-86 (2000). In United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007), we held that the rule of Flores-Ortega applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the defendant is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the defendant will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver. Id. Because the record in the instant case does not conclusively show whether Chavez requested that counsel file an appeal, the judgment of the district court is vacated and the matter is remanded for an evidentiary hearing in accordance with Tapp. Chavez's motions for appointment of counsel and to supplement the record are denied as unnecessary.

VACATED AND REMANDED; MOTIONS DENIED.